**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David Wayne KANE, Defendant–
Appellant.**

No. 03–51332.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided July 21, 2004.

published and is not precedent except under the limited circumstances set forth in 5ᴛʜ Cɪʀ. R. 47.5.4.

Mark Randolph Stelmach, Assistant U.S. Attorney, Joseph H. Gay, Jr, Assistant U.S. Attorney, San Antonio, TX, for Plaintiff–Appellee.

Donna F. Coltharp, San Antonio, TX, for Defendant–Appellant.

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM: *

David Wayne Kane entered a conditional guilty plea to possession with intent to distribute marijuana, reserving the right to appeal the district court's denial of his motion to suppress evidence. He argues that district court erred in determining that he voluntarily stopped his vehicle, rendering his initial encounter with Border Patrol agents a consensual one, and argues that the encounter was instead a seizure

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

unsupported by reasonable suspicion. He contends that because the district court's determination whether a seizure occurred was influenced by an incorrect view of the law, this court's review is *de novo*, rather than for clear error. *See United States v. Mask*, 330 F.3d 330, 335 (5th Cir.2003).

The district court's determination that Kane's initial encounter with agents was a consensual one, rather than a seizure, was not "influenced by an incorrect view of the law." *See Mask*, 330 F.3d at 337. The district court did not err in finding the encounter consensual in the light of the evidence that Agent Grajeda's hand gesture toward Kane's vehicle was a signal for Kane to slow down, rather than for him stop, but that Kane nonetheless stopped his vehicle. *See United States v. Cooper*, 43 F.3d 140, 145–46 (5th Cir.1995). Therefore, the district court's judgment is AFFIRMED.

AFFIRMED.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.